UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

2017 FEB 16 AM 11: 39

ZAINAB REYNOLDS

Plaintiff(s),

-v.-

COLLECTO, INC. d/b/a EOS CCA

Defendant.

Civil Action No:

**COMPLAINT**

8:17-CV-391-T-26JSS

Plaintiff Zainab Reynolds ("Plaintiff" or "Reynolds") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Collecto, Inc. d/b/a EOS CCA, ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of Florida, County of Polk, residing at 552 Cody Caleb Drive, Cypress Gardens, FL 33884.

3. Defendant is a debt collector with a mailing address of 700 Longwater Drive, Norwell, MA 02061.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around February 15, 2016, Defendant sent an initial dunning letter to the Plaintiff.

11. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

12. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

13. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows

or contradicts' other language informing a consumer of her rights ... violates the Act." Russell, 74 F.3d at 34.

14. The letter, in the third paragraph, states: "If you dispute this debt, you may either call WildBlue Communications directly at 866-945-3258 or you may contact this office."

15. At the top of the letter and in the payment section the letter states the account is with ViaSat, Inc.

16. It is unclear from the letter where a dispute should be sent.

17. It is unclear from the letter who the current creditor is.

18. This confusing language overshadows the "g-notice" and coerces the consumer not to exert her rights under the Fair Debt Collection Practices Act.

19. This language further violates the "g-notice" requirements by failing to clearly inform the consumer who the current creditor is.

20. Each and every aspect of this language threatens the consumer's validation rights by making it impossible for her to know to whom she should contact to dispute or request validation of the debt.

21. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692g and 1692g(a)(2).

24. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zainab Reynolds demands judgment from Collecto, Inc. d/b/a EOS CCA, as follows:

   a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

   b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

   c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

   d) A declaration that the Defendant's practices violated the FDCPA; and

   e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
February 10, 2017

                                              /s/ Michael Jay Ringelheim
**RC Law Group, PLLC**
By: Michael Jay Ringelheim, Esq.
Florida Bar No.: 93291
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 Ext. 254
Fax: 201.282.6501
mjringelheim@rclawgroup.com